*The deficiencies are $2,559.43 for 1920 and $3,354.30 for 1921. Order will be entered accordingly.*

---

## APPEAL OF CENTRAL CITY CHEMICAL CO.

Docket No. 398.    Submitted January 21. 1926.    Decided April 19, 1926.

The evidence *held* insufficient to establish value of certain patents for invested capital and depreciation purposes.

*L. J. Leininger* for the taxpayer.
*B. H. Saunders, Esq.*, for the Commissioner.

Before MARQUETTE and LOVE.

This is an appeal from the determination of income and profits tax for the year 1919, in the amount of $401.47. The deficiency arose from the refusal of the Commissioner to allow any value for a certain patent paid in for stock, for the purpose of computing invested capital and depreciation.

FINDINGS OF FACT.

The taxpayer is an Illinois corporation with its principal office at Chicago, and is engaged in the business of manufacturing and selling formaldehyde disinfecting lamps for fumigating houses after contagious diseases.

The taxpayer was organized in January, 1912, with a capital stock of $25,000, divided into 2,500 shares of the par value of $10 each. Prior to the organization of the corporation the business was operated by a partnership composed of three partners, who were the inventors and owners of the patent for the formaldehyde disinfecting lamps. For approximately six months they devoted all their time

to the development of the business based upon this patent. When the taxpayer company was organized, $15,550 par value of.the stock was issued to the three partners, the balance being sold to others for cash. They turned in the patent at a valuation of $20,000, and the furniture, fixtures, and other tangible assets at a valuation of $4,100. For the purpose of obtaining its charter from the State of Illinois, the incorporators presented to the State authorities an appraisal of a disinterested party placing a value of $26,150 upon the assets, which included the patent rights.

Subsequently, in 1915, acting upon the advice of an auditor, the taxpayer reduced the value of the patent upon its books to $10,000, at which value it has been carried upon the books ever since. At or about the time of the transfer of the patent to the taxpayer corporation, the patent was not offered for sale, nor was an offer received. Some time prior to the transfer the owners were offered $4,000 or $5,000 for the entire business, but the offer was refused as being too low and for the further reason that the parties making it were not considered financially responsible.

Since the year 1917 the taxpayer has done a gross business of $100,000 to $150,000 per annum, and has earned net profits of approximately $12,000 per year. There was no evidence of sales or earnings for the years immediately prior or subsequent to the time of acquisition of the patents by the taxpayer. The Commissioner allowed $5,000 for the tangible assets paid in for stock, but refused to attribute any cash value to the patents as of the time of acquisition.

OPINION.

LOVE: The taxpayer is evidently under the impression that, because in recent years the patents in question have become valuable, they had a value in the year 1912, when they were acquired by the taxpayer. For the purpose of computing invested capital, we are interested only in the cash value of the patents at the time of their acquisition. The taxpayer has not furnished us any factors upon which we can determine these values, and hence we must sustain the Commissioner's determination.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*